THOMAS, J.,
dissenting.
I respectfully dissent. I would hold that the City’s enactment of the ordinance, and the informal conceptual denial of the building plan, can form the basis of a cause of action under the Bert Harris Act. I see no conflict between the statute and Article VIII, section 2 of the Florida Constitution. The Bert Harris Act simply requires local governments to compensate a property owner where the governmental entity enacts a law or acts to reduce the property value to the extent defined by the Legislature. I think the Legislature has the authority to require compensation for private property owners whose property is unfairly burdened by local ordinances. I do not express a view, however, whether M & H can establish an existing use, as required by the Act, nor do I think we need to decide whether the ordinance of general applicability has imposed a burden on M & H’s use of the property that is disproportionate to the public at large.
The City asserts the Act’s language expressly limits claims challenging specific governmental actions affecting the subject property, not facial challenges. Conversely, M & H maintains, sub judice, th&{ the informal pre-application conceptual review process constitutes specific action by the City.
I disagree with the City’s view because, under some circumstances, it is possible that a governmental ordinance or regulation can provide grounds for a cause of action under the Bert Harris Act. The plain language of the statute applies to more than specific government actions denying development requests. The Act defines “action of a government entity” as “including action on an application or permit.” § 70.001(3)(d), Fla. Stat. (2006) (emphasis added). Thus, this definition can apply where a law, ordinance or regulation so adversely affects a property owner that the owner is inordinately burdened. See Citrus County v. Halls River Dev., Inc., 8 So.3d 413, 422-23 (Fla. 5th DCA 2009) *79 (finding that amendment to a comprehensive plan which reclassified property was sufficient governmental action to start the one-year time requirement for a property owner to seek relief under the Act because the impact of the change was “readily ascertainable”).
Furthermore, as argued by M & H, the Bert Harris Act specifically provides that claims made under it are separate and distinct from the law of takings. § 70.001(1), Fla. Stat. The Act envisions compensation for losses that need not meet the threshold of inverse condemnation or regulatory-taking claims. Thus, court decisions in takings claims, which require a claimant to demonstrate deprivation of all economically beneficial uses of the property, are not relevant in analyzing a Bert Harris Act claim.
I note, however, that due to its failure to file any type of site plan, building permit application or variance request, M & H’s intended property use could be challenged as speculative, which the statute specifically excludes from protection. See Palm Beach Polo, Inc. v. Vill. of Wellington, 918 So.2d 988, 995 (Fla. 4th DCA 2006) (finding that a property owner could not show a “reasonable investment-backed expectation” for an existing use). In addition, the City’s Comprehensive Plan prevails over conflicting zoning regulations. See Halls River, 8 So.3d at 420-21 (citing § 163.3167(1), Fla. Stat. (2005), and Machado v. Musgrove, 519 So.2d 629, 631-32 (Fla. 3d DCA 1987)).
Regardless, I think M & H is entitled to attempt to establish the facts necessary to prevail in its claim under the Bert Harris Act.
The Act establishes broad protection for property owners who suffer economic loss from governmental property regulations and actions that attempt to impose societal costs onto property owners. I do not think we have the authority to evaluate the merits of this policy enacted by the Legislature, but we must simply enforce the plain terms of the statute. Where the government enacts laws which reduce a property owner’s value, in my view, that is an “action of a governmental entity” that can “inordinately burden, restrict, or limit private property rights without amounting to a taking under the State Constitution or the United States Constitution....” § 70.001(1)-(3), Fla. Stat.
It seems quite clear to me that this legislation has not excluded an ordinance of general applicability, and the majority opinion does not cite to any such language. I would reverse the trial court’s order dismissing the complaint.